Hemphill, O. J.
This suit was brought on a written agreement, which was expressed in the following terms: “Houston, November 23, 1840. Por value received I promise to pay Walter Strother, or order, twenty good cows and calves, on or before the first day of April, 1841. (Signed) Bobeet DuNMAN.”
The petition alleges the refusal of the said Dunman to pay, although thereto often requested, and judgment is prayed for the value of the cattle. A want of consideration is pleaded by the defendant, and it is admitted by the plaintiff, in answer to an interrogatory by the adverse party, that the note was won upon a horse race. Evidence was introduced to prove the value of the cattle, and the jury found for the plaintiff the sum of two hundred and forty dollars.
The court charged that money won upon a horse race was recoverable; and exception thereunto was taken by the defendant.
The appellant assigned for error:
1st. There was no demand proven, and the action being for specific property, it was necessary that a demand should be made and proven, to warrant the finding of a jury.
Had the defendant, at the trial, been of the opinion that the case *(63) was not duly proven, be should have requested instructions to the jury to that effect, and should have presented in writing, to the judge, such charge or charges as he wished given to the jury, and the refusal of the judge to deliver any portion of these charges would have been a proper subject for review in this court, or a motion for a new trial might have been made.
This would have been the more correct practice, but waiving the exception that has been made to the consideration of this ground of error, here it cannot be made available to the appellant.
The property was not to be delivered on demand, but payable on or before a certain day named in the instrument.
"Under the terms of the agreement, no demand was necessary on the part of the creditor.
The contract specifies the time at which the obligation is to be discharged, and it was the duty of the payor to have delivered the cattle at that period. His failure to do so deprived him of the benefit of discharging his contract specifically, and rendered him liable to pay the value of the property in money. See Hardin v. Titus, Dallam, 623; Bixly v. Whiney, 5 Greenl. 192.
2d. The charge of the judge, that money won on a horse race may be recovered, is objected to as erroneous.
The instrument of writing on which the action is founded was executed after the introduction of the common law, and must 'be tested by its principles.
Under that system, wagers in general were not unlawful contracts, and might be sustained in courts of justice. In DeCosta v. Jones, Cowper, 729, it is laid down “ that indifferent wagers upon indifferent matters, without interest to either of the parties, are allowed by the law of this country, so far as they have not been restrained by particular acts of parliament; and the restraints imposed on particular cases support the general rule ” — “whether it would not have been better policy to have treated all wagers, originally, as gaming contracts, it is now too late to discuss. They have too long and too often; been held good and valid contracts.” The subject of wagers is fully discussed in this, and cases to be found in the Term Deports, and it may now be regarded as settled law, that wagers are only illegal when they are prohibited by statute, or when they would be an inducement to a breach of the peace or to immorality, or when they militate against public policy or against decency, or tend to affect the particular interest of individuals. See DeCosta v. Jones, Cowper, 729; Allen v. Heam, 1 T. R. 56-60; Good v. Elliot, 3 id. 693; Atherford v. Beard, 2 id. 610.
*(64) This definition is vague, and leaves frequently abundant room for doubt, as to whether a particular wager be within its limitations or not. In the case of Good v. Elliot, above referred to, it was decided that a wager, that A had purchased a wagon of B, was not void at common law; but the dissenting opinion of Mr. Justice Buller was a luminous argument to prove that such a wager was embraced within the last branch of the definition, and that in the decision of the wager, evidence might be introduced tending to the disgrace of the character of A, the purchaser. But no difficulty of that character occurs in the decision of the present question.
The several statutes of Charles, of Ann, and of George II. by which wagers on horse racing in England are placed under certain restrictions,- have not been introduced into this country.
Wagers on horse racing were always held in England to be recoverable at common law; and now, when made in conformity with the provisions of the above statutes, they are considered valid contracts.
There is no statute in this country forbidding wagers on horse races, and the legality of the same being recognized by the common law, we are of opinion that the judge did not err in the charge which has been made the ground of exception. See Haskett v. Wooten, 1 N. & McC. 180; Atchison v. Goe, 4 McC. 211; 2 Wilson, 309.
It is ordered that the judgment of the court below be affirmed.